UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL<br>1200 New York Ave, NW, Suite 400<br>Washington, DC 20005<br>202-289-6868,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>KEN SALAZAR, Secretary of the Interior, in his official capacity, UNITED STATES DEPARTMENT OF THE INTERIOR<br>1849 C Street, NW<br>Washington, DC 20240<br>202-208-3100;<br><br>ROWAN GOULD, Acting Director, U.S. Fish & Wildlife Service, in his official capacity, and UNITED STATES FISH AND WILDLIFE SERVICE<br>1849 C Street, NW<br>Washington, DC 20240<br>202-208-4717,<br><br>　　　Defendants. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## INTRODUCTION

1. This case challenges the Secretary of the Interior's, the United States Department of the Interior's, the United States Fish and Wildlife Service's, and the Acting Director of the United States Fish and Wildlife Service's, (collectively, "the Service's") failure to comply with their mandatory duty to issue a ninety-day finding on Plaintiff Natural Resources Defense Council's ("NRDC's") petition to list whitebark pine as an endangered species pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq*.

2. Whitebark pine, *Pinus albicaulis*, is an important tree species in the high elevation western United States and southwestern Canada. Due to its ability to withstand the harsh, inhospitable environment near mountaintops and exposed ridges, whitebark pine is often the first tree established in high-elevation areas. Once established, whitebark pine facilitates the growth of other plant and tree species, providing habitat, food, and shelter for wildlife such as grizzly bears, pine squirrels, and black bears. It also reduces runoff and soil erosion by slowing the progression of springtime snow melt.

3. Over the past fifty years, whitebark pine population numbers have dramatically declined throughout much of its range. Fire suppression, white pine blister rust, and mountain pine-beetle infestation all threaten the continued existence of the whitebark pine species. Global warming poses an additional threat to whitebark pine because it exacerbates some existing threats and will likely reduce the availability of suitable habitat.

4. On December 8, 2008, Plaintiff NRDC submitted a petition to list whitebark pine as an endangered species pursuant to the ESA. The Service received the petition on December 9, 2008.

5. Under the ESA, the Service has a non-discretionary duty to determine within ninety days, to the maximum extent practicable, whether a petition presents substantial information indicating that the petitioned action may be warranted. 16 U.S.C. § 1533(b)(3)(A). If the Service makes a

positive ninety-day finding on the petition, it must then determine whether listing is warranted within twelve months of receiving the petition. 16 U.S.C. § 1533(b)(3)(B).

6. The Service has failed to issue a finding on NRDC's petition to list whitebark pine as an endangered species.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g) (action arising under Endangered Species Act citizen suit provision), 5 U.S.C. § 702 (judicial review of agency action); and 28 U.S.C. § 1331 (federal question jurisdiction).

8. The relief requested may be granted under 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief), 16 U.S.C. § 1540(g) (ESA), and 5 U.S.C. §§ 701-706 (APA).

9. Pursuant to section 11(g)(2)(C) of the ESA, 16 U.S.C. § 1540(g)(2)(C), Plaintiff provided the Secretary of the Interior and all named Defendants with written notice of Plaintiff's intent to file this suit more than 60 days prior to the commencement of this action.

10. Defendants have not corrected their violations of the law in response to Plaintiff's written notice.

11. Venue is proper in the U.S. District Court for the District of Columbia pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred in this district. Specifically, the U.S. Fish and Wildlife Service is headquartered in Washington, DC and the officials responsible for responding to the petition are located in DC. Plaintiff Natural Resources Defense Council ("NRDC") also has an office in Washington, DC.

## PARTIES

12. Plaintiff NRDC is a not-for-profit membership corporation founded in 1970 and organized under the laws of the State of New York. NRDC maintains offices in New York, New York;

San Francisco and Santa Monica, California; Washington, D.C.; Chicago, Illinois; and Beijing, China. NRDC has more than 445,000 members nationwide. NRDC's purposes include the preservation, protection, and defense of our nation's biodiversity and environment. NRDC has long been active in efforts to protect endangered species generally and whitebark pine specifically. NRDC members regularly visit, use, and enjoy whitebark pine habitat and plan to continue visiting, using, and enjoying these areas in the future. NRDC members derive scientific, recreational, conservation, aesthetic, and other benefits from their use and enjoyment of these areas. NRDC and its members and staff also derive scientific, recreational, conservation, aesthetic and other benefits from the existence of whitebark pines in the wild. These interests have been, are, and will be directly, adversely, and irreparably affected by the Defendants' violations of the law. NRDC and its members and staff will continue to be prejudiced by Defendants' unlawful actions until and unless this Court provides the relief prayed for in this Complaint.

13. Defendant Ken Salazar is sued in his official capacity as the Secretary of the Interior. The Secretary of the Interior ("Secretary") is the federal official responsible for complying with the statutory requirements of the ESA for terrestrial and some aquatic species, including listing decisions for species such as whitebark pine.

14. Defendant Rowan Gould is sued in his official capacity as Acting Director of the United States Fish and Wildlife Service. As Acting Director, and through delegation of authority from the Secretary, Mr. Gould is the Fish and Wildlife Service official responsible for complying with and implementing the ESA, including listing decisions for species such as whitebark pine.

15. Defendant United States Department of the Interior is an agency of the United States Government and includes Defendant United States Fish and Wildlife Service. Among other functions,

the Department of the Interior is responsible for the administration of the ESA and is legally responsible for listing decisions for species such as whitebark pine.

16. Defendant United States Fish and Wildlife Service is an agency of the United States government, within and under the jurisdiction of the Department of the Interior. Through delegation of authority from the Secretary, the Fish and Wildlife Service administers and implements the ESA and is legally responsible for listing decisions for species such as whitebark pine.

## LEGAL BACKGROUND

17. The ESA is a federal statute enacted to conserve species in danger of extinction and the ecosystems upon which they depend. 16 U.S.C. § 1531(b). The ESA is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." Tennessee Valley Authority v. Hill, 437 U.S. 153, 180 (1978). The Supreme Court's review of the ESA's "language, history, and structure" convinced the Court "beyond doubt that Congress intended endangered species to be afforded the highest of priorities." Id. at 174. As the Court found, "[t]he plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost." Id. at 184.

18. One of the purposes of the ESA is "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species . . . ." 16 U.S.C. § 1531(b). To this end, Section 4 of the ESA requires that the Secretary protect such species by listing them as either "threatened" or "endangered." An endangered species is a species "in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A threatened species is a species likely to become an endangered species within the foreseeable future." 16 U.S.C. § 1532(20).

19. A species receives mandatory substantive protections under the ESA only when it is listed as endangered or threatened.

20. Any interested person can begin the listing process by filing a petition to list a species with the Secretary. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

21. Upon receipt of a petition to list a species, the Defendants have ninety days, to the maximum extent practicable, to make a finding as to whether the petition "present substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(b)(1).

22. If the Defendants make a positive ninety-day finding, they must promptly publish it in the Federal Register and commence a "status review" of the species. 16 U.S.C. § 1533(b)(3)(A).

23. After issuing a positive ninety-day finding, the Defendants have twelve months from the date that they received the petition to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by work on other pending proposals for listing species of higher priority. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3).

24. If the Defendants find that listing the species is warranted, they must publish a proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(5).

25. Within one year of the publication of a proposed rule to list a species, the Defendants must make a final decision on the proposal. 16 U.S.C. § 1533(b)(6)(A).

## FACTUAL BACKGROUND

26. Whitebark pine is an important species that is distributed across high-elevation areas in the western United States and southwestern Canada. The species is particularly well-adapted to the harsh climate that exists near mountain tops and on exposed ridges. Because the tree is adapted to areas

where other species often do not thrive, it is often the first tree species to become established in an area, facilitating succession of other tree and plant species by providing shade, breaking wind, and otherwise mitigating the harsh conditions.

27. Whitebark pine trees regulate runoff and reduce soil erosion, especially at high elevations where few trees and plants grow. The trees slow the progression of snow melt in the spring, which reduces spring flooding at lower elevations.

28. Many wildlife species rely on whitebark pine for food and shelter. The seeds of whitebark pine trees have a particularly high energy content. This makes the seeds a critical source of food for grizzly bears, black bears, Clark's nutcrackers, and pine squirrels. Elk, deer, grouse, and other species use whitebark pines for shelter.

29. Over the past fifty years, whitebark pine populations have declined dramatically. Threats to the continued existence of the species include white pine blister rust, mountain pine beetle outbreaks, and increased competition with other species due in part to fire suppression. Each of these threats poses a significant risk to the species on its own. Together, these threats are causing unprecedented population declines across the species' range.

30. Climate change is an evolving threat that will exacerbate existing threats to the species. Climate change threatens to significantly reduce the suitable range for whitebark pine communities and will increase mountain pine beetle outbreaks by reducing winter mortality of the beetles and increase blister rust infections by increasing summer and early autumn precipitation which leads to blister rust spread.

31. On December 8, 2008, Plaintiff NRDC submitted a petition to list whitebark pine as an endangered species under the ESA. Defendants received this petition on December 9, 2008.

32. Defendants did not respond to NRDC's petition.

33.     On December 11, 2009, Plaintiff NRDC sent Defendants a sixty-day notice indicating its intent to file suit if Defendants failed to issue a ninety-day finding on NRDC's petition to list whitebark pine as endangered species within the next sixty days.

34.     On January 12, 2010, Defendants sent a letter to NRDC indicating that they received the notice of intent to sue on December 23, 2009.

35.     The Defendants have failed to take any action on the petition.

## CLAIM FOR RELIEF

(Violation of ESA and/or APA)

36.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by reference.

37.     The Defendants' failure to make a ninety-day finding on NRDC's petition list whitebark pine as an endangered species is a violation of the ESA and its implementing regulations. 16 U.S.C. § 1533(b)(6); § 1540(g). The Defendants' failure to perform this mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or in the alternative, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment providing for the following relief:

1.     Declare that Defendants violated the ESA and the APA by failing to comply with the non-discretionary duty under ESA Section 4(b)(3)(A), 16 U.S.C. § 1533(b)(3)(A) to make

and publish in the Federal Register a 90-day finding regarding the Petition to list the whitebark pine as an endangered species;

2. Order the Defendants to make and publish in the Federal Register a ninety-day finding on the Petition to list whitebark pine as an endangered species by a date certain;

3. Grant Plaintiff fees, costs, expenses and disbursements, including reasonable attorneys' fees; and

4. Grant Plaintiff such additional and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of February, 2010.

By: _____
BENJAMIN LONGSTRETH (DC Bar No. 974015)
Natural Resources Defense Council
1200 New York Ave, NW, Suite 400
Washington, D.C. 20005
202-513-6256
blongstreth@nrdc.org